IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HHOTR TRUST,

    Plaintiff,

v.                                                                        Civ. No. 17-1263 JAP/JHR

UNITED STATES OF AMERICA,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

      Plaintiff HHOTR Trust, a revocable living trust, is a business entity other than a natural person. This Court's local rules of civil procedure require that an entity other than a natural person must be represented by an attorney authorized to practice before this Court. D.N.M.LR-Civ. 83.7. HHOTR Trust is not represented by an attorney licensed to practice law before this Court. The Court issued two Orders to Cure providing Plaintiff HHOTR Trust the opportunity to obtain representation by an attorney authorized to practice before the Court and to have that attorney enter his or her appearance in this case to comply with D.N.M.LR-Civ. 83.7. *See* Docs. 9 & 11. Instead of having an attorney enter an appearance on behalf of Plaintiff, Ms. Virginia Kinney, a non-lawyer acting as trustee of Plaintiff HHOTR Trust, filed responses to the Court's orders. Ms. Kinney cited to a number of New Mexico statutes in an attempt to support her contention that the Court's local rules did not preclude her representation of Plaintiff because, as trustee, she is authorized to legally act on behalf of the trust. *See* Docs. 10 & 12.

      Since Plaintiff twice failed to comply with the Court's orders, the Court issued an Order and Notice of Hearing ordering Plaintiff and Ms. Kinney to appear before the Court and show cause as to why this action should not be dismissed for failure to comply with local rule D.N.M.LR-Civ. 83.7. *See* Doc. 19. Plaintiff still did not have authorized legal representation at

the time of the Show Cause hearing on April 30, 2018, which was attended by Ms. Kinney purporting to represent Plaintiff. Following the Show Cause Hearing, the Court issued an Order allowing Plaintiff HHOTR Trust a third and final opportunity to comply with D.N.M.LR-Civ. 83.7 by obtaining a licensed attorney authorized to practice law before this Court and have that attorney enter his or her appearance on Plaintiff's behalf. *See* Doc. 29. The Court warned Ms. Kinney that if Plaintiff did not comply with the Order by May 30, 2018, the case would be dismissed without prejudice.

On May 30, 2018, Ms. Kinney filed "Pro se PLAINTIFF'S OPEN LETTER TO THE HONORABLE JAMES A. PARKER Regarding Order to Hire Attorney – 2018-05." *See* Doc. 30. In that letter Ms. Kinney once again raises arguments previously addressed by the Court at the Show Cause Hearing in an attempt to demonstrate that as trustee and owner of the property at issue she has the right to bring a lawsuit on behalf of the trust. The Court does not dispute that Ms. Kinney, as trustee, may engage an attorney who is authorized to practice law before this Court to bring a lawsuit on behalf of Plaintiff HHOTR Trust and legally represent HHOTR Trust in court. The statutes and the cases cited by Ms. Kinney do not stand for the proposition that Ms. Kinney, as a non-attorney, can legally represent the Trust serving in the role of an attorney. Because no licensed attorney authorized to practice law before this Court entered an appearance on Plaintiff's behalf by May 30, 2018, the Court will dismiss this case.

**IT IS THEREFORE ORDERED THAT** this case will be DISMISSED without prejudice for failure to comply with D.N.M.LR-Civ. 83.7.

_____
SENIOR UNITED STATES DISTRICT JUDGE